# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**April 19, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**RAEJEAN D. BARNETTE,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1024** (BOR Appeal No. 2045499)
                    (Claim No. 2009055973)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Raejean D. Barnette, by John H. Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart Associates, Inc., by Karin Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 24, 2011, in which the Board affirmed a January 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 1, 2009, decision granting Ms. Barnette a 3% permanent partial disability award for her right shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Barnette was working for Wal-Mart Associates, Inc. when she injured her right shoulder. On September 1, 2009, the claims administrator granted Ms. Barnette a 3% permanent partial disability award for her compensable injury based on an evaluation by Dr. Mukkamala.

The Office of Judges held that the preponderance of the evidence established that Ms. Barnette was entitled to only a 3% permanent partial disability award for the right shoulder injury. On appeal, Ms. Barnette disagrees and asserts that Dr. Chand's evaluation found that she

1

was entitled to an 11% permanent partial disability award, and because Dr. Mukkamala's report is unreliable, she should receive an additional 8% permanent partial disability award. Wal-Mart Associates maintains that Ms. Barnette is entitled to only a 3% permanent partial disability award. Dr. Mukkamala, on August 19, 2009, found that Ms. Barnette had reached maximum medical improvement for her right shoulder injury, and had 3% whole person impairment resulting from that injury. Dr. Chand evaluated Ms. Barnette on December 2, 2009, and found that she had not reached maximum medical improvement, had an apparent neck injury from the work-related incident, and recommended that she had 11% whole person impairment for the right shoulder. In a supplemental report, Dr. Mukkamala found that Dr. Chand's findings related to the neck were incorrect, and noted that Dr. Chand's report at one section noted no present symptoms in the neck, yet he found an apparent injury. Dr. Mukkamala also noted that Dr. Helvey on February 18, 2009, after examining Ms. Barnette, noted that the right shoulder was not bothering her and she preferred not to have surgery.

In affirming the claims administrator's Order, the Office of Judges concluded that Dr. Mukkamala's report was the most persuasive and convincing. As noted above, Dr. Chand's report contained some inconsistencies. Additionally, the Office of Judges noted that Dr. Chand found Ms. Barnette had not reached maximum medical improvement for the right shoulder injury, yet he rated her permanent impairment for that injury. The evidence demonstrates that Ms. Barnette is entitled to a 3% permanent partial disability award for the right shoulder injury. The Board of Review reached the same reasoned conclusions in its decision of June 24, 2011. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum